# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 13, 2007

Clifford W. Taylor,
Chief Justice

132473

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
         Plaintiff-Appellee,

v

MARK ANTHONY QUEEN,
         Defendant-Appellant.

SC: 132473
COA: 265914
Wayne CC: 05-018151-01

_____/

On order of the Court, the application for leave to appeal the September 21, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

On November 26, 2003, defendant was charged with felony nonsupport[1] for the period of August 24, 1992, to November 4, 1999. A second count charged him with desertion[2] during the period of November 5, 1999, to November 21, 2003. The complaint averred that defendant owed child support arrearages that totaled $65,962.14.

On June 30, 2005, Stacy Queen, the mother of defendant's child, waived all the arrearages as well as future child support. The prosecutor told the court that defendant therefore owed only approximately $9,000 to the state of Michigan, because Ms. Queen had received public assistance from the state. The state was entitled to reimbursement and did not waive the amount owed to it. The prosecutor failed to specify the period during which Ms. Queen had received public assistance.

---

[1] MCL 750.165.

[2] MCL 750.161.

On August 25, 2005, defendant pleaded guilty of felony nonsupport in exchange for the dismissal of the desertion count and a recommendation of no jail time. He was sentenced to 24 months of probation and ordered to pay arrearages of $9,321.08.

Defendant filed a claim of appeal and a motion to remand to the trial court to allow him to withdraw his plea as involuntary. On September 21, 2006, the Court of Appeals dismissed the appeal for lack of jurisdiction because defendant had pleaded guilty of a crime committed after December 27, 1994.

Defendant has two potentially valid claims. First, because a six-year statute of limitations applies to the debt, it would be improper to hold him responsible for arrearages that are more than six years old. Second, defendant is entitled to an appeal as of right from any judgment for arrearages that arose in 1992 or 1993. The reason is that the right of appeal from a plea-based conviction was not removed until 1994. Without further findings of fact, it is impossible to pass judgment on the validity of these two claims.

At this time, the record is silent with respect to when Ms. Queen received public assistance. If she received welfare payments before November 26, 1997, it would appear that the order of restitution is improper. The court could not order repayment of amounts accrued as the result of crimes for which the statutory period of limitations has expired. If the arrearages date to 1992 or 1993, not only would the arrearages be unenforceable, the Court of Appeals would have erred in denying defendant an appeal as of right.

We should remand this matter to the trial court for further findings of fact. Important rights are at issue, and defendant is entitled to an accurate and just resolution of his cause.

CAVANAGH, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 13, 2007

t0410

Clerk